IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Punxsutawney Hunting Club, Inc., : 
and Pitch Pine Hunting Club, Inc., : 
 : 
Petitioners : 
 : 
v. : No. 456 M.D. 2021
 : Submitted: May 10, 2023
Pennsylvania Game Commission, : 
and Mark Gritzer, in his official : 
capacity as an officer of the : 
Pennsylvania Game Commission, : 
 : 
Respondents : 

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE CHRISTINE FIZZANO CANNON, Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                              FILED:  September 29, 2023

Before this Court, in our original jurisdiction, are the cross-applications

for summary relief[1] filed by Petitioners Punxsutawney Hunting Club, Inc., and Pitch

---

[1] Pa.R.A.P. 1532(b) provides that "[a]t any time after the filing of a petition for review in an appellate or original jurisdiction matter the court may on application enter judgment if the right of the applicant thereto is clear."  Pa.R.A.P. 1532(b); *see also Summit School, Inc. v. Department of Education*, 108 A.3d 192, 195 (Pa. Cmwlth. 2015).  In deciding a request for summary relief, "this [C]ourt must determine whether it is clear from the undisputed facts that either party has a clear right to the relief requested." *Bell Atlantic-Pennsylvania, Inc. v. Turnpike Commission*, 703 A.2d 589, 590 (Pa. Cmwlth. 1997), *aff'd*, 713 A.2d 96 (Pa. 1998).  Determinations as to whether an agency lacks statutory authority or whether an agency's particular statement of policy is an unpromulgated regulation are questions of law. *Markham v. Wolf*, 136 A.3d 134, 138 (Pa. 2016).

Pine Hunting Club, Inc. (collectively, Hunting Clubs), and Respondents Pennsylvania Game Commission, and Mark Gritzer, in his official capacity as an officer of the Pennsylvania Game Commission (collectively, Commission). The issues before us are whether *Commonwealth v. Russo*, 934 A.2d 1199 (Pa. 2007), was wrongly decided, and whether, barring *Russo*, Sections 303(c) and 901(a)(2) and (8) of the Game and Wildlife Code, 34 Pa. C.S. §§303(c) and 901(a)(2) and (8) (Entry Statutes), are unconstitutional under article I, section 8 of the Pennsylvania Constitution, Pa. Const. art. I, §8 (Section 8). As we are bound by *Russo*, we grant the Commission's application for summary relief, deny the Hunting Clubs' application, and enter judgment in the Commission's favor.

## I. Background

The facts of this case are not in dispute. The Hunting Clubs are member-owned hunting clubs that own thousands of acres of private land in Clearfield County. Members use the properties to hunt, vacation, and enjoy nature. To ensure their members' privacy, the Hunting Clubs have posted their properties with no trespassing signs and have installed gates at all entrances to exclude nonmembers and intruders. However, the Entry Statutes empower game wardens with unfettered discretion to enter upon and roam private land without consent, warrants, or probable cause.

The Hunting Clubs filed the present action to challenge the constitutionality of the Entry Statutes as violative of Section 8, which forbids warrantless searches of "possessions." The Hunting Clubs argue that private land is a "possession" within the purview of constitutional protection. However, the Hunting Clubs recognize that the Pennsylvania Supreme Court previously rejected similar constitutional claims in *Russo*. The Hunting Clubs further recognize that this

2

Court is bound by, and may not overturn, this binding precedent. Both parties have filed cross-applications for summary relief, which are now before us.

## II. Cross-Applications

The parties' cross-applications for summary relief present two issues for our review. First, whether *Russo*, which held that private land is not a "possession" and can never receive protection from "unreasonable searches" under Section 8, was wrongly decided. Second, barring *Russo*, whether the Entry Statutes, which grant game wardens unfettered power to enter and roam posted private land in order to look for evidence of potential game offenses, violate Section 8.

## III. Discussion
## A. Contentions

The Hunting Clubs recognize that *Russo* constitutes binding precedent that forecloses their constitutional challenge of the Entry Statutes. However, they believe that *Russo* was wrongly decided. According to the Hunting Clubs, the term "possessions" in Section 8 should be construed to include private land. Indeed, article I, section 1 of the Pennsylvania Constitution, Pa. Const. art. I, §1 (Section 1), recognizes the right of possessing property. The Hunting Clubs argue that it is illogical to say that Section 1 of the Pennsylvania Constitution protects the right to "possess" land, but that land is not a "possession" for purposes of Section 8.

The Hunting Clubs further argue that, barring *Russo*, the Entry Statutes are unconstitutional under Section 8. Landowners who signal that their land is not open to the public have a reasonable expectation of privacy and must be entitled to protection under Section 8. If the land is protected, then game wardens who want to search it must obtain consent or a warrant, or show a warrant exception. Because

3

the Entry Statutes authorize warrantless searches of land that is used and marked as private, they violate Section 8.

The Commission counters that *Russo* is binding precedent and controls the outcome here. Contrary to the Hunting Clubs' assertions, *Russo* was properly decided. No Pennsylvania court has ever held that possession or ownership alone creates a right to privacy that is protected by Section 8. *Russo* properly applied the factors for deciding the scope of state constitutional protection. It thoroughly and accurately analyzed the text of Section 8, its history under Pennsylvania law, the majority of sister states that support the current interpretation of the open fields doctrine, and the public policy issues involved. Under *Russo*, the Entry Statutes are indisputably constitutional, and this precedent should not be overturned.

Even barring *Russo*, the Commission argues that the Entry Statutes are valid exercises of the Commonwealth's constitutional obligations as trustee of wildlife under article I, section 27 of the Pennsylvania Constitution, Pa. Const. art. I, §27, commonly known as the Environmental Rights Amendment (ERA). The Commission, as designated by the Commonwealth, is constitutionally responsible for managing and protecting wildlife in the state. In order to execute this authority, the Commission employees need to enter private property where wildlife may be present and hunting may be occurring. Hunters have surrendered their reasonable expectation of privacy by choosing to participate in a highly regulated activity. Thus, the Commission argues that the Hunting Clubs do not present a case that might implicate privacy rights under Section 8.

## B. Analysis

The Entry Statutes authorize wildlife enforcement officers to enter and inspect property for violations. Specifically, Section 303(c) of the Game and Wildlife Code provides:

> (c) **Power and authority**.--
>
> Every officer, employee or representative of the [C]ommission in the exercise of their powers and duties shall have the right and authority to go upon or enter any property, posted or otherwise, outside of buildings.

34 Pa. C.S. §303(c). Section 901(a)(2) and (8) of the Game and Wildlife Code provides:

> (a) **Powers**.--
>
> Any officer whose duty it is to enforce this title or any officer investigating any alleged violation of this title shall have the power and duty to:
>
> * * *
>
> (2) Go upon any land or water outside of buildings, except curtilage, posted or otherwise, in the performance of the officer's duty.
>
> * * *
>
> (8) Conduct administrative inspections of persons, licenses and permits, firearms, ammunition and other implements of taking, game bags, game, meat poles, tags, clothing, waterfowl blinds, decoys, tree stands, immediate hunting locations, or any means of transportation or its attachments used as blinds or as hunting locations, and any coolers or containers possessed at a hunting location when prima facie evidence of hunting exists. Any officer conducting an administrative inspection shall, if any person is present, present a badge or other means of

5

> official identification and state the purpose of the inspection.

34 Pa. C.S. §901(a)(2), (8).

The Hunting Clubs challenge the Entry Statutes as unconstitutional. The relevant constitutional provisions are the Fourth Amendment to the United States (U.S.) Constitution, U.S. Const. amend. IV (Fourth Amendment), and its analogous state counterpart, Section 8.

The Fourth Amendment provides:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV. Section 8 provides:

> The people shall be secure in their persons, houses, papers *and possessions* from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

Pa. Const. art. I, §8 (emphasis added).

In *Russo*, the Pennsylvania Supreme Court examined whether a landowner has a reasonable expectation of privacy against enforcement of the Game and Wildlife Code in his open fields under the Fourth Amendment and Section 8. *Russo* involved an appeal from a conviction for violation of the Game and Wildlife Code's prohibition against certain types of baiting in bear hunting. *Russo*, 934 A.2d at 1200; *see* Section 2308(a)(8) of the Game and Wildlife Code, 34 Pa. C.S. §2308(a)(8). The conviction was based on evidence that wildlife conservation officers gathered when they entered the landowner's hunting camp,

6

which was posted with "No Trespassing" signs, without a warrant. *Russo*, 934 A.2d at 1201. The landowner filed a motion to suppress the seized evidence, which was denied. *Id*. at 1202.

On appeal, the Supreme Court noted that both the Fourth Amendment and Section 8 protect the reasonable expectations of privacy of those legitimately occupying a certain space, relative to searches and seizures of law enforcement personnel. *Russo*, 934 A.2d at 1208. However, the Supreme Court determined that this reasonable expectation of privacy did not extend to open fields. *Id*. at 1209. Under the interpretative doctrine of *ejusdem generis*,[2] the Court construed Section 8's use of the term "possessions" in the light of the particular words preceding it – all of which refer to intimate things about one's person. *Russo*, 934 A.2d at 1205-06. Given the textual similarity between the two constitutional provisions, the Court held that the Fourth Amendment's open fields doctrine, as enunciated by the U.S. Supreme Court in *Oliver v. United States*, 466 U.S. 170 (1984),[3] applied equally

---

[2] The interpretative doctrine of *ejusdem generis* refers to "the same kind or class." *Department of Environmental Protection v. Cumberland Coal Resources, LP*, 102 A.3d 962, 976 (Pa. 2014). However, the Supreme Court recently cast doubt on the application of this doctrine in statutory construction. *Marcellus Shale Coalition v. Department of Environmental Protection*, 292 A.3d 921, 943 (Pa. 2023) (plurality) ("We find that *ejusdem generis* plays no role in the statutory analysis.").

[3] As our Supreme Court explained: "[T]he *Oliver* Court noted that open fields are not 'effects' within the meaning of the Fourth Amendment. Indeed, the [*Oliver*] Court observed, "[t]he Framers would have understood the term 'effects' to be limited to personal, rather than real, property." *Russo*, 934 A.2d at 1204 (citing *Oliver*, 466 U.S. at 177 n.7). The Supreme Court continued:

> Even assuming one had a subjective expectation of privacy in his open fields, the *Oliver* Court went on to reason, such an expectation is not one that society would be prepared to recognize as reasonable:

**(Footnote continued on next page…)**

7

under the Pennsylvania Constitution. *Russo*, 934 A.2d at 1208-09. The Supreme Court also opined that the open fields doctrine is consistent with the ERA, which enshrines the Commonwealth's interest in protecting and conserving public natural resources, including wildlife within its fields and forests. *Russo*, 934 A.2d at 1212-13. Thus, the Court concluded that the landowner had "no reasonable expectation of privacy" under either the Fourth Amendment or Section 8, arising from posting "No Trespassing" signs at his hunting camp where Section 901(a)(2) of the Game and Wildlife Code, 34 Pa. C.S. §901(a)(2), specifically authorizes an officer to "go upon any land or water outside of buildings, posted or otherwise, in the performance of the officer's duty." *Russo*, 934 A.2d at 1203. The Supreme Court held that "the guarantees of . . . Section 8 . . . do not extend to open fields." *Id*. at 1213. Thus, the Supreme Court affirmed the determination that the wildlife conservation officers did not violate the landowner's right to be free from unreasonable searches and seizures. *Id*.

---

> [O]pen fields do not provide the setting for those intimate activities that the Amendment is intended to shelter from government interference or surveillance. There is no societal interest in protecting the privacy of those activities, such as the cultivation of crops, that occur in open fields. Moreover, as a practical matter these lands usually are accessible to the public and the police in ways that a home, an office, or commercial structure would not be. It is not generally true that fences or "No Trespassing" signs effectively bar the public from viewing open fields in rural areas. And both petitioner . . . and respondent . . . concede that the public and police lawfully may survey lands from the air.

*Russo*, 934 A.2d at 1204 (quoting *Oliver*, 466 U.S. at 178).

8

The Supreme Court's opinion in *Russo* is binding precedent. *See Commonwealth v. Tilghman*, 673 A.2d 898, 903 (Pa. 1996) (holding that an opinion decided by a majority of our Supreme Court "becomes binding precedent on the courts of this Commonwealth"). As an intermediate appellate court, we have no authority to refuse to apply Supreme Court precedent, much less overturn it. *Zauflik v. Pennsbury School District*, 72 A.3d 773, 783-84 (Pa. Cmwlth. 2013), *aff'd*, 104 A.3d 1096 (Pa. 2014). Based on *Russo*, the Entry Statutes are constitutional. We decline to express an advisory opinion on whether, barring *Russo*, these statutes violate Section 8 or are in accord with the Commission's trustee duties under the ERA. *See Assalita v. Chestnut Ridge Homeowners Association*, 866 A.2d 1214, 1220 (Pa. Cmwlth. 2005) (holding courts should not issue advisory opinions). Therefore, in accordance with *Russo*, we conclude that the Hunting Clubs are not entitled to summary relief, but that the Commission is.

## IV. Conclusion

For these reasons, we grant the Commission's application for summary relief; we deny the Hunting Clubs' application for summary relief; and we enter judgment in the Commission's favor.

_____
MICHAEL H. WOJCIK, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Punxsutawney Hunting Club, Inc.,           :
and Pitch Pine Hunting Club, Inc.,         :
                                           :
                    Petitioners            :
                                           :
          v.                               :  No. 456 M.D. 2021
                                           :
Pennsylvania Game Commission,              :
and Mark Gritzer, in his official          :
capacity as an officer of the             :
Pennsylvania Game Commission,              :
                                           :
                    Respondents            :

# **O R D E R**

AND NOW, this 29th day of September, 2023, Petitioners' application for summary relief is DENIED; Respondents' application for summary relief is GRANTED; and judgment is entered in favor of Respondents.

_____
MICHAEL H. WOJCIK, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Punxsutawney Hunting Club, Inc., :
and Pitch Pine Hunting Club, Inc., :
　　　　　　Petitioners :
　　　　　　 :
　　　　　　 :
　　　v. : No. 456 M.D. 2021
　　　　　　 :
Pennsylvania Game Commission, : Submitted: May 10, 2023
and Mark Gritzer, in his official :
capacity as an officer of the :
Pennsylvania Game Commission, :
　　　　　　Respondents :


BEFORE:　　HONORABLE RENÉE COHN JUBELIRER, President Judge
　　　　　　HONORABLE PATRICIA A. McCULLOUGH, Judge
　　　　　　HONORABLE ANNE E. COVEY, Judge
　　　　　　HONORABLE MICHAEL H. WOJCIK, Judge
　　　　　　HONORABLE CHRISTINE FIZZANO CANNON, Judge
　　　　　　HONORABLE ELLEN CEISLER, Judge
　　　　　　HONORABLE STACY WALLACE, Judge

## *OPINION NOT REPORTED*

CONCURRING OPINION
BY JUDGE McCULLOUGH　　　　　　　　FILED: September 29, 2023


　　　　　I concur in the decision because we are bound by the Supreme Court's decision in *Commonwealth v. Russo*, 934 A.2d 1199 (Pa. 2007), to reach this result. However, I write separately to emphasize my agreement with Justice Cappy's Dissenting Opinion in *Russo* wherein he opined that Section 901(a)(2) of the Game and Wildlife Code, 34 Pa. C.S. § 901(a)(2), is inconsistent with the protections afforded by article I, section 8 of the Pennsylvania Constitution, Pa. Const. art. I, § 8 to the extent that it authorizes entry onto posted private property without any level of suspicion of illegal activity.　In this regard, I believe Justice Cappy, evaluating

the four factors set forth in *Commonwealth v. Edmunds*, 586 A.2d 887 (Pa. 1991), correctly observed that

> the text of article I, section 8, its history in this Commonwealth, the related case law of other states, and the relevant policy considerations support constitutional protection of a Pennsylvania landowner's right to privacy when he or she has posted the property in a manner that indicates that entry is not permitted. Accordingly, I would hold that a citizen may claim privacy in an open field under [a]rticle I, [s]ection 8 of the Pennsylvania Constitution when indicia would lead a reasonable person to conclude that the area is private.

*Russo*, 934 A.2d at 1217 (Cappy, J., dissenting).

I must adhere to the caution of former Justice Cappy in his Dissenting Opinion that a "constitutional rule which permits state agents to enter private land in outright disregard of the property owner's efforts to maintain privacy is one that offends the fundamental rights of Pennsylvania citizens." *Id.* at 1214.

Nevertheless, the fact remains that the view of Justice Cappy in *Russo* is a minority view. Accordingly, although I fundamentally disagree that Punxsutawney Hunt Club, Inc., and Pitch Pine Hunting Club had no constitutionally protected privacy interest in their posted private land, I must nevertheless concur in the result reached by the Majority.

_____
PATRICIA A. McCULLOUGH, Judge

Judge Wallace joined in the Concurring Opinion.

PAM -2